United States District Court
Southern District of Ohio
Western Division

| | |
|---|---|
| Sandrina Millard,<br><br>*On behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Southern Rock Restaurants, LLC d/b/a McAlister's Deli, LLC; Doe Corporation 1-10; John Doe 1-10;<br><br>Defendants. | Civil Action No.<br><br>Jury Demand Endorsed Herein |

Class and Collective Action Complaint

1. Sandrina Millard, on behalf of herself and all similarly situated employees, brings this action against Southern Rock Restaurants, LLC d/b/a McAlister's Deli LLC. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendant's failure to compensate Plaintiff and similarly situated employees as required by the Fair Labor Standards Act and the laws of Ohio, Illinois, Indiana, Kansas, Kentucky, Michigan, Missouri, Nebraska, Pennsylvania, Virginia, and Iowa.

2. Defendant Southern Rock Restaurants, LLC operates over 160 McAlister's Deli franchise restaurant locations across at least thirteen states, including Ohio, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Mississippi, Missouri, Nebraska, Pennsylvania, Tennessee, and Virginia (collectively "the Sothern Rock McAlister's Deli stores" or "the stores").

3. Plaintiff Sandrina Millard worked at a Southern Rock McAlister's Deli store location in Cincinnati in 2025 and 2026 as a back-of-the-house hourly employee. She and thousands of workers she seeks to represent in this lawsuit were non-supervisory, hourly employees (hereinafter, "tipped employees").

4. The Southern Rock McAlister's Deli stores keep the tips left by customers for tipped employees at the Southern Rock McAlister's Deli stores for their own purposes—to reimburse the wages they promised to their hourly employees.

5. The Southern Rock McAlister's Deli stores collect the tips, retain the tips in their business operating accounts, and allocate a per-hour "tip share" on hourly employees' bi-weekly paychecks for all hours worked during the pay period.

6. The Southern Rock McAlister's Deli stores promise hourly employees a "Total Compensation" rate that is determined by the stores, can be changed by the stores, and, according to the stores, based on market conditions.

7. For example, Plaintiff Sandrina Millard was promised $13.50 per hour in Total Compensation when she started working at the Southern Rock McAlister's Deli stores.

8. To meet this $13.50 per hour Total Compensation commitment, the Southern Rock McAlister's Deli stores paid Millard and those like her in two parts. The first part was a wage that was equal to the applicable minimum wage. For the second part, the Southern Rock McAlister's Deli stores used customer tips to reimburse itself for the wage. If there were insufficient tips, then the Southern Rock McAlister's Deli stores added "Make Up Pay" to get her pay to the promised Total Compensation rate.

9. As an example, for the pay period beginning on January 12, 2026 and ending January 25, 2026, the Southern Rock McAlister's Deli stores paid Millard a total wage of $1,021.30, with the Southern Rock McAlister's Deli stores reimbursing itself $194.23 from tip money. For the pay period beginning March 9, 2026 and ending on March 22, 2026, the Southern Rock McAlister's Deli stores paid Millard a total wage of $812.25, with the Southern Rock McAlister's Deli stores reimbursing itself $185.25 from tip money and leaving Millard with $1.14 in tip money

10. By retaining the tipped employees' tips and allocating a tip share that goes toward satisfying their own wage commitment to their hourly employees, the Southern Rock McAlister's Deli stores "keep the tips received by" their tipped employees, in violation of the FLSA.

11. In addition, the Southern Rock McAlister's Deli stores require Plaintiff and other tipped employees to share tips with the stores' managers and/or supervisors, in violation of the FLSA and state law.

12. Specifically, hourly supervisors, called shift leaders or shift managers, receive the same tip share as tipped employees on their bi-weekly paychecks.

13. Plaintiff brings this action on behalf of herself and similarly situated current and former tipped employees at the Southern Rock McAllister's Deli stores within the three years prior to the filing of this action who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b), to remedy violations of the FLSA by Defendant.

14. Plaintiff also brings this action on behalf of herself and similarly situated tipped employees, pursuant to Fed. R. Civ. P. 23, to remedy violations of state laws and statutes resulting from the tip-pooling practices described herein.

## Jurisdiction and Venue

15. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

16. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

17. Defendant is a Foreign Limited Liability Company formed in the state of Delaware and registered to do business in the State of Ohio.

18. When Defendant registered to business in the state of Ohio, it appointed an Ohio registered agent upon whom process may be served in the state of Ohio.

19. The registered agent Defendant appointed to accept service of process on its behalf is currently Capitol Corporate Services, Inc., located at 5010 Mayfield Rd. Ste 212, Lyndhurst, OH 44124.

20. By virtue of registering to do business in the State of Ohio and appointing a registered agent to accept service on its behalf in Ohio, Defendant consented to the jurisdiction of courts in Ohio. Thus, this Court has general jurisdiction over Defendant, Plaintiff and similarly situated employees.

21. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the plaintiff resides in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## Parties

**Plaintiff**

**Sandrina Millard**

22. Plaintiff is an individual residing in Cincinnati, Ohio.

23. Plaintiff has given written consent to join this action.

24. At all relevant times, Plaintiff has been an "employee" of Defendant within the meaning of the FLSA and Ohio law.

**Defendant**

25. Defendant has employed Plaintiff and the tipped employees at all relevant times.

26. Plaintiff seeks to hold liable any individual, partnership, association, corporation, business trust, legal representative, or any organized group of individuals, partnerships, associations, corporations, business trusts, or legal representatives who act or have acted directly or indirectly in the interest of the Southern Rock McAlister's Deli stores in relation to Plaintiff and the tipped employees.

27. Defendant Southern Rock Restaurants, LLC is part of the organized group of persons who act or has acted directly or indirectly in the interest of Southern Rock McAlister's Deli stores in relation to Plaintiff and similarly situated tipped employees.

28. Defendant had control over the working conditions of Plaintiff and the tipped employees.

29. At all times relevant, Defendant maintained control over labor relations at the Southern Rock McAlister's Deli stores.

30. Defendant suffers or permits Plaintiff and other tipped employees to work.

31. Defendant has direct or indirect control of the terms and conditions of Plaintiff's work and the work of the tipped employees.

32. During all relevant times, Defendant exercised operational control over the Southern Rock McAlister's Deli stores including, but not limited to, control over recruiting and training, compensation, job duties, reimbursements, design and layout of the restaurant, sales and marketing programs, public relations programs, promotional services, appearance and conduct standards, inventory, and inventory controls.

**Potential Additional Defendants**

33. Upon information and belief, there are other individuals, entities, and/or limited liability companies that make up part of the Defendants and/or Southern Rock Restaurants, LLC's operations and therefore qualify as "employers" because they are part of the organized group of individuals and entities that act directly or indirectly on behalf of Southern Rock McAlister's Deli stores in relation to Plaintiff and the Eligible Tipped Employees.

34. Upon information and belief, David R. Blackburn owns, manages, and/or operates, in whole or in part, the Southern Rock McAlister's Deli stores operation.

35. Upon information and belief, Max Piet is the Chief Executive Officer of the Southern Rock McAlister's Deli stores.

36. Upon information and belief, Kito Cody is the Chief Operating Officer of the Southern Rock McAlister's Deli stores.

37. Upon information and belief, Gregory Lee is the Chief Financial Officer of the Southern Rock McAlister's Deli stores.

38. Upon information and belief, there are other individuals and/or entities who may qualify as "employers" because they are part of the organized group of individuals that act directly or indirectly on behalf of Southern Rock McAlister's Deli stores in relation to Plaintiff and the tipped employees.[1]

39. For example, Southern Rock Restaurants Superholdco, LLC and COMPEL4, LLC may qualify as "employers" as the term is defined by the FLSA and state law.

40. The identities of these and other potential additional Defendants should be revealed as discovery progresses and can be named at that time.

**Facts**

**Class-Wide Factual Allegations**

41. Defendant has operated the Southern Rock McAlister's Deli stores since 2011.

42. The Southern Rock McAlister's Deli stores are fast casual restaurants that operate pursuant to a franchise agreement with franchisor McAlister's Franchisor SVP LLC.

43. The Southern Rock McAlister's Deli stores do not claim a tip credit under the FLSA.

44. The Southern Rock McAlister's Deli stores promise their hourly employees they will be paid a certain hourly compensation for all hours worked, which they call the employee's "Total Compensation."

45. Customers at the Southern Rock McAlister's Deli stores regularly leave tips/gratuities for the stores' tipped employees.

[1] *See https://southernrockrestaurants.com/our-team/*

46. The Southern Rock McAlister's Deli stores employ non-supervisor, hourly paid employees who receive a share of customer tips. Those employees work in one or a combination of the following job categories: front-of-house, back-of-house, hero, FOH expo, BOH expo, prep, and dishwashers.

47. Front-of-house employees' duties include greeting customers, taking orders, preparing beverages, completing transactions, delivering food and beverage items, bussing and cleaning tables, sweeping and mopping floors, cleaning bathrooms, and maintaining the cleanliness of the dining area of the restaurant.

48. Back-of-house employees' duties include preparing ingredients, cooking and preparing food orders, coordinating food from the kitchen to the dining room, maintaining the cleanliness of the kitchen, and emptying trash cans.

49. Front-of-house and back-of-house expo employees' duties include coordinating food from the kitchen to the dining room to ensure that dishes are prepared correctly and manage the flow of orders.

50. Hero employees' duties include bussing tables, sweeping floors, wrapping pickles, and wiping down windows, doors, and other surfaces to maintain the cleanliness and appearance of the restaurant.

51. The Southern Rock McAlister's Deli stores also employ hourly paid shift leaders. Shift leaders supervise and direct other employees, manage staffing and monitor labor costs, monitor for cleanliness and protocol compliance, authorize employee clock in/clock outs, authorize discounts and "comp" items, address customer complaints and concerns, help non-supervisor employees complete their duties if short-staffed and during "rush" times, interview

prospective employees, make hiring recommendations to upper-management, and enforce compliance with company policies regarding employee expectations. These employees also receive a tip share.

52. When customer tips come in, whether in cash or credit, they are held in the accounts of the Southern Rock McAlister's Deli stores until a per-hour tip share is distributed to hourly employees on bi-weekly paychecks.

53. The tipped employees' tips were then used by Defendant to reimburse Defendant for the wages Defendant promised to pay Plaintiff and Defendant's other employees.

54. Specifically, Defendant uses the tip shares to reimburse themselves for the wages that they have committed to pay to the hourly employees.

55. In addition, the Southern Rock McAlister's Deli stores allocate shares of customer tips to shift leaders, thereby misappropriating the tipped employees' tips to managers/supervisors.

56. By allocating tip shares to shift leaders, the Southern Rock McAlister's Deli stores do not allow the tipped employees to retain all of their tips.

57. Allocating a tip share to shift leaders benefits Defendant directly because it allows Defendant to pay a higher promised wage to these employees, and receive a reimbursement for those wages from customer tips. Moreover, this arrangement allows Defendant to supplement shift leaders' wages with tipped employees' tips.

**Plaintiff's Individual Factual Allegations**

58. Plaintiff worked at the Defendants' McAlister's Deli store located on Harrison Avenue in Cincinnati, Ohio.

59. Plaintiff worked for Defendants as a back of the house kitchen employee for Defendants from August 2025 through August 2026.

60. When plaintiff was offered a job by Defendant, she was informed that she would be paid $13.50 per hour plus a share of tips.

61. Plaintiff was not in a managerial or supervisory role.

62. Plaintiff's primary job duties included preparing and cooking food orders, plating food orders, portioning food, and cleaning, sanitizing, and stocking stations.

63. As a participant in the Southern Rock McAlister's Deli stores' tip pool, Plaintiff was required to share tips with manager and supervisors, such as shift leaders.

64. By including shift leaders in the tip pool, Plaintiff's share of tips was illegally diminished.

65. Plaintiff's tips were used by Defendant to reimburse Defendant for the wages Defendant promised to pay Defendant's other employees. The tips were similarly used to reimburse Defendant for the wages Defendant promised to pay Plaintiff.

66. By using Plaintiff's tips to pay supervisors and managers, Defendant did not allow Plaintiff to retain all of her tips.

67. In July 2026, Plaintiff was promoted to being a certified trainer and was promised a $0.75 cent raise upon completion of training.

68. Despite completing all training requirements by the middle of July 2026, Plaintiff never received the promised increased wage rate.

## Collective Action Allegations

69. Plaintiff brings this action on behalf of herself and all similarly situated current and former tipped employees employed at the Southern Rock McAlister's Deli stores nationwide within the three years prior to the filing of the original Complaint in this action who consent to join this action (the "FLSA Collective").

70. At all relevant times, Plaintiff and all members the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendant's decision, policy, plan, practices, procedures, protocols, and rules of willfully mandating an illegal tip pool that distributes tips earned by Plaintiff and the FLSA Collective to ineligible managers and/or supervisors. Plaintiff's claims are essentially the same as those of the FLSA Collective.

71. Defendant's unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

72. Defendants are aware or should have been aware that the conduct described herein is prohibited by federal law.

73. Defendants' unlawful conduct has been widespread, repeated, and consistent.

74. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

75. The FLSA Collective members are readily identifiable and ascertainable.

76. For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and contact information are readily available from Defendants' records.

77. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## Class Action Allegations

78. Plaintiff brings the Second Count under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former tipped employees employed at the Southern Rock McAlister's Deli stores in Ohio between 3 years before the date of filing this complaint and the date of final judgment in this matter, in Illinois between 5 years before the date of filing this complaint and the date of final judgment in this matter, in Kansas between 3 years before the date of filing this complaint and the date of final judgment in this matter, in Kentucky between 3 years before the date of filing this complaint and the date of final judgment in this matter, in Indiana between 2 years before the date of filing this complaint and the date of final judgment in this matter, in Michigan between 3 years before the date of filing this complaint and the date of final judgment in this matter, in Nebraska between 4 years before the date of filing this complaint and the date of final judgment in this matter, in Pennsylvania between 3 years before the date of filing this complaint and the date of final judgment in this matter, in Virginia between 3 years before the date of filing this complaint and the date of final judgment in this matter, and in Iowa between 2 years before the date of filing this complaint and the date of final judgment in this matter ("Rule 23 State Wage Class").

79. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

80. The number and identity of the Rule 23 Class members are ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for

each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

81. The Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

82. There are more than 40 Rule 23 Class members.

83. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

84. Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of requiring Plaintiff and the Rule 23 class to participate in an invalid tip pool and failing to distribute all tips received from Defendant's customers to tipped employees.

85. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with state laws that prohibit the misappropriation of tips by employers, mandate that employees be permitted to retain their tips, and require timely payment of wages due..

86. Plaintiff and the Rule 23 Class members have all been injured in that they have been subjected to Defendants' common policies, practices, and patterns of conduct. Defendants' policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

87. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

88. By seeking to represent the interests of the Rule 23 Class members, Plaintiff is exercising and intends to exercise her right to engage in concerted activity for the mutual aid or benefit of himself and his co-workers.

89. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

90. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

91. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these

costs. The prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

92. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

93. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

a. Whether Defendant requires Plaintiff and the Rule 23 Class members to participate in a tip pool that includes ineligible shift leaders;

b. Whether Defendant kept the tipped employees' tips for any purposes when it collected the tips, held them until bi-weekly paychecks were distributed, and used them to reduce their own wage promises;

c. Whether the shift managers and shift supervisors were supervisors or managers as contemplated by the FLSA;

d. Whether Defendant allows tipped employees to retain all of their tips;

e. Whether Defendant misappropriated tipped employees' tips;

f. Whether Defendant failed to pay Plaintiff and the Rule 23 Class the wages due to them in a timely manner as described by the state wage laws;

g. Whether Defendants have benefited from appropriating the tips of Plaintiff and the Rule 23 Class for their own benefit to supplement the wages of other workers;

h. The nature and extent of class-wide injury and the measure of damages for those injuries; and

i. Whether Defendants are unjustly enriched at Plaintiff and the Rule 23 Class's expense.

94. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## Causes of Action

### Count 1
### Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

95. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

96. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees.

97. Plaintiff and the FLSA Collective are required to remit tips to Defendants, which Defendants then used to pay promised wages.

98. Moreover, Plaintiff and the FLSA Collective are required to share tips with managers and/or supervisors in violation of the FLSA because shift managers and shift leads receive the same bi-weekly tip share as Plaintiff and the FLSA Collective.

99. Defendants misappropriated the tips of Plaintiff and the FLSA Collective.

100. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

101. Plaintiff and members of the FLSA Collective have been damaged by Defendants' retention and/or misappropriation of their tips in violation of the law.

102. As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, withheld tips, liquidated damages, costs, and attorneys' fees.

**Count 2**
**State Wage Law Violations**
**Oh. Const. Art. II, Section 34a; O.R.C. § 4113.15; 820 ILCS 115/4.1; 820 ILCS 105/1, et seq.; Ind. Code § 22-2-5-1; K.R.S. § 337.275(2); K.R.S. 337.065(4); KRS § 337.020; MCLS § 408.934d(1)(d); R.R.S. Neb. § 48-48-1203(3); 43 P.S. § 260.3; 43 P.S. § 333.103(d);**
**(On Behalf of Plaintiff and the Rule 23 State Wage Class of Non-Supervisory Hourly Employees in Ohio, Illinois, Indiana, Kentucky, Michigan, Nebraska, Pennsylvania, Virginia, and Iowa)**

103. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

104. By retaining and/or improperly allocating tips of tipped employees to managers and/or supervisors, the Southern Rock McAlister's Deli stores have violated the state laws of Ohio, Illinois, Indiana, Kansas, Kentucky, Michigan, Nebraska, and Pennsylvania. See 820 ILCS 115/4.1; 820 ILCS 105/1, et seq.; Oh. Const., Art. II, Sec. 34a; O.R.C. 4113.15; Ind. Code § 22-2-

5-1; K.R.S. § 337.275(2); K.S.A. § 44-315; K.R.S. 337.065(4); K.R.S. § 337.020; MCLS § 408.934d(1)(d); R.R.S. Neb. § 48-48-1203(3); 43 P.S. § 260.3; 43 P.S. § 333.103(d); Va. Code § 40.1-28.9; Va. Code § 40.1-29; Iowa Code § 91D.1(1)(c).

105. By retaining the tipped employees tips and using them to reimburse their own wage payment commitments, and/or by distributing the tips of tipped employees to shift leaders as described herein, Defendant has violated the state statutory or Constitutional laws of Ohio (Oh. Const. Art. II, Section 34a), Kansas (K.S.A. § 44-315), Kentucky (K.R.S. § 337.275(2) and K.R.S. 337.065(4)), Illinois (820 ILCS 115/4.1), Michigan (MCLS § 408.934d(1)(d)), Nebraska (Neb. § 48-1203(3)), Pennsylvania (43 P.S. § 333.103(d)), Virginia (Va. Code § 40.1-28.9), and Iowa (Iowa Code § 91D.1(1)(c)).

106. By retaining and/or failing to pay tips due pursuant to the FLSA and/or state law, Defendant failed to pay all wages due in a timely manner, in violation of the laws of Ohio (O.R.C. 4113.15), Indiana (Ind. Code § 22-2-5-1), Kentucky (K.R.S. § 337.020), and Pennsylvania (P.S. 43 § 260.3), Virginia (Va. Code § 40.1-29), and Iowa (Iowa Code § 91A.5(2)(e).

107. As a result of Defendant's violations, the Rule 23 wage class members seek misappropriated tips, plus additional damages, if applicable, under the state laws where they worked.

108. In violating these state laws, Defendants acted willfully, without a good faith basis and with reckless disregard.

**WHEREFORE**, Plaintiff Sandrina Millard prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class,

apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B. Misappropriated tips and an equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

D. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

F. An award of misappropriated tips and additional damages as provided by the statutory and/or constitutional laws of Ohio, Kansas, Kentucky, Illinois, Indiana, Michigan, Missouri, Nebraska, and Pennsylvania.

G. An award of prejudgment and post-judgment interest.

H. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

I. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Emily Hubbard
Andrew R. Biller (Bar No. 0081452)
Andrew P. Kimble (Bar No. 0093172)
Emily A. Hubbard (Bar No. 0096032)
Laura E. Farmwald (Bar No. 0093604)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515

Cincinnati, OH 45236
513-202-0710 (Phone)
614-340-4620 (Fax)
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*ehubbard@billerkimble.com*
*lfarmwald@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

**Jury Demand**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Emily Hubbard
Emily A. Hubbard